UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FREDY DAVILA,

        Plaintiffs,                        CASE NO.:

vs.

LUXURY WOOD FLOORS INC,
a Florida Profit Corporation;
WILDER L. MORALES, in his individual
capacity; ARTISAN HARDWOODS, LLC,
a Florida Limited Liability Company; and
WILLIAM S. LINDSEY, in his individual
capacity,

        Defendants.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, FREDY DAVILA (hereinafter "DAVILA"), by and through his undersigned Counsel, and sues the Defendants, LUXURY WOOD FLOORS INC, a Florida Profit Corporation; WILDER L. MORALES, in his individual capacity; ARTISAN HARDWOODS, LLC, a Florida Limited Liability Company; and WILLIAM S. LINDSEY, in his individual capacity (hereinafter "DEFENDANTS"), alleging the following:

## **INTRODUCTION**

1. DAVILA brings this action against DEFENDANTS for failure to pay overtime wages in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. DEFENDANTS have violated the FLSA by misclassifying its hardwood floor installers as "independent contractors" until the year 2021. Misclassification of employees as

independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled." *See* Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), available online at www.dol.gov.

3. Misclassification of workers also costs the government billions of dollars in unpaid taxes. *See* Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at *http://www.whitehouse.gov/strongmiddleclass/reports*.

## JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C § 1311 and 29 U.S.C. § 216(b).

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C §1391(b), because all actions giving rise to this claim arose in the Judicial Circuit.

4. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

5. At all times material hereto and currently, Defendant, LUXURY WOOD FLOORS, INC., was/is duly authorized and licensed to do business in Palm Beach County, Florida, with its principal address at 1902 North A Street, Lake Worth, Florida 33460.

6. LUXURY WOOD FLOORS, INC. had/has annual gross sales and/or business volume of $500,000 or more.

7. At all times material hereto and currently, Defendant, WILDER L. MORALES, is the owner and operator of LUXURY WOOD FLOORS, INC., a flooring company that provides customers with goods and services within its location in Palm Beach County.

8. In the course and scope of its business, LUXURY WOOD FLOORS, INC. employed at least two (2) employees within the meaning of the FLSA.

9. At all times material hereto and currently, Defendant, ARTISAN HARDWOODS, LLC, was/is duly authorized and licensed to do business in Palm Beach County, Florida, with its principal address at 500 Palm Street, Suite #30, West Palm Beach, FL 33401.

10. ARTISAN HARDWOODS, LLC had/has annual gross sales and/or business volume of $500,000 or more.

11. At all times material hereto and currently, Defendant, WILLIAM S. LINDSEY, is the owner and operator of ARTISAN HARDWOODS, LLC, a flooring company that provides customers with goods and services within its location in Palm Beach County.

12. In the course and scope of its business, ARTISAN HARDWOODS, LLC employed at least two (2) employees within the meaning of the FLSA.

13. ARTISAN HARDWOODS, LLC compensated its employees by making payment to LUXURY WOOD FLOORS, INC., which subsequently issued payment to each employee performing work on behalf of ARTISAN HARDWOODS, LLC.

14. In the course and scope of its business, ARTISAN HARDWOODS, LLC and LUXURY WOOD FLOORDS, INC. had/has many employees who regularly handled, sold, and

otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

15. In the course and scope of its business, ARTISAN HARDWOODS, LLC and LUXURY WOOD FLOORDS, INC. engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

16. At all times material hereto, DAVILA was, and is, a resident of Palm Beach County, Florida, and was an "employee" of ARTISAN HARDWOODS, LLC and LUXURY WOOD FLOORS, INC. as defined by the FLSA.

17. ARTISAN HARDWOODS, LLC and LUXURY WOOD FLOORS, INC. controlled DAVILA's duties, schedule, hours worked, equipment and supplies used, and compensation throughout his employment. Accordingly, ARTISAN HARDWOODS, LLC and LUXURY WOOD FLOORS, INC. were DAVILA's "employer" as defined by the FLSA.

## **GENERAL ALLEGATIONS**

18. Plaintiff, FREDY DAVILA, was initially employed at ARTISAN HARDWOODS, LLC as a full-time floor installer beginning in October 2015. DAVILA remained in that position until October 2021.

19. While employed with ARTISAN HARDWOODS, LLC, DAVILA received all paychecks through another company, LUXURY WOOD FLOORS, INC.

20. DAVILA was paid $180.00 per day on a weekly basis. Typically, DAVILA's weekly schedule included working Monday through Friday, ten (10) hours per day, and Saturday, eight (8) hours per day. DAVILLA would also work Sundays when required.

21. DEFENDANTS initially classified DAVILA as an independent contractor despite holding him out as an employee of DEFENDANTS, thereby avoiding any obligation to pay payroll

taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

4. DAVILA was required to perform the tasks as assigned by DEFENDANTS at the location(s) as designated by DEFENDANTS to the standards and requirements as specified by DEFENDANTS. All of the products, tools, and equipment used by DAVILA were owned, maintained, and provided by DEFENDANTS and were accessible to DAVILA during his shifts.

22. DAVILA's rate of pay was preset by DEFENDANTS.

23. DAVILA was economically dependent upon DEFENDANTS for his livelihood.

24. Throughout his employment with DEFENDANTS, DAVILA exhibited exemplary job performance and received no disciplinary warnings or demotions.

25. In 2021, DEFENDANTS classified DAVILA as an employee and issued a W-2 tax document. DAVILA's job duties, schedule, and tools and equipment used did not change from prior years.

26. DEFENDANTS did not pay DAVILA the required overtime wages during his employment, as reflected through his paystubs.

27. DAVILA's rate of pay with DEFENDANTS during the relevant times of his employment was $180.00 per day.

28. DAVILA worked, on average, six days per week for a total of 58 hours, earning $1,080.00 per week.

29. At $1,080.00 per week, working 58 hours per week, DAVILA's hourly rate would be calculated at $18.62.

30. Accordingly, in addition to the $1,080.00 per week, covering 58 hours of work at a base rate, DAVILA was entitled to overtime pay at his half-time rate for all hours worked over 40

per week, which should have been at an additional rate of $9.31 per hour (the remaining half time of his $18.62 hourly pay rate).

31. DAVILA regularly worked approximately 18 hours of overtime per week, though his overtime hours did occasionally vary.

32. Using paystubs received during the year 2021 when he was properly classified as an employee, DAVILA was able to calculate his overtime hours worked for a ten-month period from January 1, 2021 through October 31, 2021.

33. From January 1, 2021 through October 31, 2021, DAVILA worked 765 hours of overtime, or, on average, 76.5 hours of overtime per month, for which he did not receive compensation.

34. Because DAVILA's schedule was consistent over the past several years working for DEFENDANTS, DAVILA is able to calculate that in 2020, he worked at least 918 overtime hours (76.5 hours times 12 months) of overtime for which he did not receive compensation.

35. Additionally, from May 13, 2019 through December 31, 2019, DAVILA worked at least 573.75 hours (76.5 hours times 7.5 months) of overtime for which he did not receive compensation.

36. At a rate of $9.31 overtime half-time per hour and the accrual of 2,256.75 hours of overtime from May 13, 2019 through October 31, 2021, DAVILA is owed a total of $21,011.12. A detailed breakdown is attached hereto as *Exhibit A*.

37. DEFENDANTS knowingly and willingly refused to pay DAVILA his legally entitled overtime wages.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

38. Plaintiff, FREDY DAVILA, realleges and incorporates the allegations in paragraphs 1 through 37 above as if fully set forth herein.

39. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

40. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

41. DAVILA brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) overtime wages as listed above, and (b) liquidated damages.

42. At all relevant times, DEFENDANTS employed DAVILA within the meaning of the FLSA.

43. During DAVILA's employment with DEFENDANTS, and at all times relevant to this action, DAVILA regularly worked overtime hours but was not paid time and one-half compensation for each additional hour he worked in excess of forty (40) hours per week.

44. Specifically, DAVILA is owed for working at least 2,256.75 hours of overtime for DEFENDANTS.

45. The total amount due and owing to DAVILA is $21,011.12, which is subject to change as DAVILA engages in the discovery process, plus liquidated damages. As noted in the Allegations of Unpaid Overtime Wages, a breakdown of this amount is included in ***Exhibit A***.

46. DEFENDANTS' failure to pay DAVILA his overtime compensation from May 13, 2019 to October 31, 2021 is in direct violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

47. DEFENDANTS' actions as alleged in this complaint have been willful and intentional. DEFENDANT has not made a good faith effort to comply with the FLSA with respect to the compensation of DAVILA.

48. DAVILA seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FREDY DAVILA, demands judgment against Defendants, LUXURY WOOD FLOORS, INC., a Florida Profit Corporation, WILDER L. MORALES, in his individual capacity, ARTISAN HARDWOODS, LLC, a Florida Limited Liability Company, and WILLIAM S. LINDSEY, in his individual capacity, and requests the following relief:

(a) A judgment in favor of DAVILA for DEFENDANTS' violations of the FLSA;

(b) An order requiring DEFENDANTS to compensate DAVILA for unpaid overtime wages in the amount of $21,011.12 and for liquidated damages in the amount of an additional $21,011.12 under the FLSA;

(c) An award to DAVILA for all costs and reasonable attorneys' fees incurred in connection with this action;

(d) An injunction permanently enjoining DEFENDANTS and any applicable officers, agents, employees, assigns and all persons in active concert of participation with them, from engaging in any employment practices that violate the FLSA; and

(e) Any such additional or alternative relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, FREDY DAVILA, demands a trial by jury on all issues so triable.

Dated May 20, 2022.

Respectfully submitted,

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email**: samantha@sconzolawoffice.com
**Secondary Email**: alexa@sconzolawoffice.com